## The People v. Mathew M. Fox.

*Perjury: Information: Affidavit.* An information for perjury, alleged to have been committed in swearing to an affidavit, which does not show that the affidavit was made to be used, or that it was actually used, in any judicial proceeding, is insufficient; and averments of the pendency of a suit, in which the affidavit was entitled, and of a motion made therein, and of the materiality of the affidavit to the motion, in the absence of any allegation that the affidavit was made to be, or was, in fact, used on the motion, or in connection therewith, or that it was made, or was material, for any other purpose in the cause, do not sufficiently connect the affidavit with any judicial proceeding.

In the information in this case, perjury is held not well assigned, whether it be at common law or by statute.

PEOPLE *v.* FOX.

*Perjury defined.* Perjury is committed "when a lawful oath is ministered by any that hath authority, to any person, in any judicial proceeding, who sweareth absolutely and falsely in any matter material to the issue or cause in question."

*Statutory perjury: ·Affidavit.* Statutory perjury, under *Comp. L.,* *1857*, § *5821*, is not made out unless it appears that the oath is one required or authorized by law; and this does not appear in the case of an affidavit, unless the purpose for which the affidavit was made, is shown.

*Heard October 9. Decided October 15.*

Exceptions from Branch Circuit.

*Dwight May, Attorney General,* for the People.

*E. G. Parsons* and *C. A. Stacy,* for the defendant.

COOLEY, J.

In this case the defendant is informed against, for that, "on the 19th day of April, 1870, at the court house in the city of Coldwater, in said county, before the Honorable Charles Upson, then being circuit judge of the fifteenth judicial district of this state, a certain issue before then duly joined in the said court, between Romina Reed and Charles Reed, by Harriet M. Reed, their next friend, and Mathew M. Fox and Ephraim J. Paddock, in a certain plea of assumpsit, wherein the said Romina Reed and Charles Reed, by their next friend, were plaintiffs, and the said Mathew M. Fox and Ephraim J. Paddock were defendants, was then and there pending and untried, and then and there before the court as aforesaid, at the time aforesaid, the said defendants, Mathew M. Fox and Ephraim J. Paddock, by their attorney, Charles B. Pratt, moved the court to amend the plea before that time in said cause filed, and upon the hearing of said motion it became and was a material question, whether the said Ephraim J. Paddock signed or subscribed his name to a certain promissory note described in plaintiff's declaration in said cause filed,

—said note bearing date June 30, 1866, made for three hundred dollars, payable to the heirs of the late Thomas Reed, Charles and Romina Reed, and purporting to be signed by M. M. Fox and E. J. Paddock—and that on the aforesaid nineteenth day of April, A. D. 1870, while said motion was pending as aforesaid, the said Mathew M. Fox came before Elon G. Parsons, a notary public in and for the city of Coldwater in said county of Branch, then and there having sufficient and competent authority to administer the oath to the said Mathew M. Fox in this behalf, and was then and there by the said Elon G. Parsons duly sworn, and falsely, wickedly, willfully, and maliciously took his corporal oath that the contents of a certain written affidavit by said Mathew M. Fox then and there subscribed, were true; said affidavit being in the words and figures following, that is to say:

## "'STATE OF MICHIGAN.

"'THE CIRCUIT COURT FOR THE COUNTY OF BRANCH.

"'MATHEW M. FOX and EPHRAIM J. PADDOCK,⎫
          *ads.*                                          ⎪
"'ROMINA REED and CHARLES REED, by          ⎬
     HARRIET REED, their next friend.          ⎭

"'BRANCH COUNTY, ss.

"'Mathew M. Fox, one of the above-named defendants, being duly sworn, deposeth and says: That he gave the note set forth in the plaintiff's declaration in this suit, and signed the same with his own signature; that said note was not signed by Ephraim J. Paddock, the other defendant, to his knowledge; that he, deponent, paid interest on said note yearly since the same was given, and at each time when he so paid the interest, he saw said note, and said Paddock's name was not upon said note at any time

when he so paid interest on the same, and the first time deponent had any knowledge that said Paddock's name was on said note, was on the 28th day of February, 1870.

" 'Deponent further says, that said note was given by deponent for money loaned by him, and that said Paddock had no interest in the same, and deponent never asked said Paddock to sign the same, and was not signed by him, said Paddock, to deponent's knowledge.

    " '(Signed)        M. M. Fox.

" Subscribed and sworn to before me this 19th day of April, 1870.

    " '(Signed)        E. G. PARSONS.'

" Whereas in truth and in fact the said Ephraim J. Paddock did sign the note hereinbefore described, and mentioned in the affidavit of the said Mathew M. Fox, and the signature of the said Ephraim J. Paddock was on the same when the interest was paid on the same by the said Fox at each and every time the interest was so paid, and whereas in truth and in fact the said Fox had knowledge, and did well know, that said Ephraim J. Paddock signed the said note on or about the time the same was made and dated, and a long time previous to the time when said Fox made the first payment of interest thereon ; and further, that the first time the said Fox had any knowledge that said Paddock's name was on said note, was not on said twenty-eighth day of February, 1870, but a long time previous to that time, to wit: on or about the thirtieth day of June, 1866 ;" thus committing willful and corrupt perjury. Upon this information he was convicted, and the case is now before us on exceptions.

The first point under the exceptions is, that the information does not show that the affidavit was made to be used in any judicial proceeding, or that it actually was used in any judicial proceeding, and, consequently, fails to

show that the oath administered to Fox was one author-
ized or required by law. This point, we think, is well
taken. The information avers the pendency of a suit, and
a motion made therein, upon which the affidavit of Fox
might perhaps have been used, and it also alleges that the
facts sworn to by Fox were material to such motion; but
in no other way is the affidavit connected therewith by the
averments. It is not averred that the facts sworn to were
material for any other purpose in the cause, nor that the
affidavit was made for any other purpose; and unless prop-
erly connected with the motion, the oath would appear to
be extra-judicial.

Now, the circumstance that the motion was pending
when the affidavit was made, does not establish the fact
that it was made to be used on the motion. It might
have been made for any other purpose, or for no purpose
at all, and the coincidence of time be merely accidental.
Neither does the fact that what was sworn to was material
on the motion, have any necessary bearing, for, the same
facts might be important to several motions, and there is
no averment here, that Fox personally even knew of the
pendency of this particular motion, which may have been,
and would seem, in fact, to have been, on behalf of the
other defendant exclusively, and to enable him to disprove
his execution of the note. Nor does the entitling of the
affidavit help the case, for, at most, it would only indicate
that it was made for use in the cause for some purpose;
but, possibly, for the purpose for which it was made, the
facts sworn to may have had no materiality whatever.

Perjury is committed "when a lawful oath is ministered
by any that hath authority, to any person in any judicial
proceeding, who sweareth absolutely and falsely in any
matter material to the issue or cause in question."—*3 Inst.*,
*164; 4 Bl. Com., 137.* There must be an oath author-

ized by law, an issue or cause to which facts were material, and a false statement regarding such facts upon such issue, or in such cause. Such would be the case at the common law; and if it be claimed that this is statutory perjury, the information is not aided, for, by the statute, it must appear that the oath is one required or authorized by law (*Comp. L., 1857,* § *5821*); and this will not appear unless the purpose for which the affidavit was made, is shown. Perjury, therefore, is not well assigned, whether it be at the common law or by statute.

Had the information alleged that the affidavit was used on the hearing of the motion, a different case would have been presented, which might require consideration; but that was neither alleged, nor consequently could be proved. In fact, the record shows that it was not filed until the day after the motion was heard; but this, under this information, was immaterial.

The other questions become immaterial. The exceptions are sustained, and it must be certified to the circuit court, as the opinion of this court, that the judgment should be arrested.

The other Justices concurred.