Campbell, J.:
Error is brought on a conviction of perjury, the only error assigned relating to the sufficiency of the information. An error assigned on the want of an assignment and plea turns out to be ill-founded.
The perjury is alleged to have been committed on a criminal examination, and it is claimed it does not sufficiently appear that such an examination was legally had. It does appear very explicitly that the perjury was committed on the examination of one George Silsby, at a court held by Edmund S. Tracy, a justice of the peace at Charlotte, Eaton county, on the 18th day of March, 1875, the said Silsby being charged before such court, on respondent’s complaint on behalf of the people, with the offense of forgery, which examination came on to be heard in due form *of law, and was then heard and tried, and Flint then and there appeared as a witness on behalf of the people, and was sworn touching the matter in controversy, etc.
The allegations are very full, and, as we think, sufficient to identify the court and the oecassion as constituting such a tribunal and hearing as would render false swearing perjury within the law. Our statute (C. I., § 7918) provides that in *466 an information for perjury it shall be sufficient to set forth the substance of the offence charged upon tho defendant, and by what court and before whom the oath was made, without stating the declaration itself, or other proceedings, or the commission or authority of the court or person before whom such offense was committed.
The present information fully complies with these requirements, and is in that resjiect entirely correct.
It is claimed, however, that there is no sufficient allegation ■of materiality.
The old precedents, which set out at length the issues con•cerning which the false swearing was had, were very prolix, and were designed to enable the criminal court to determine materiality from the comparison of the testimony with the ¡issue, where it was possible to do so. In modern times the more correct rules of pleading have substituted allegations of materiality to the issue on trial. The courts have been careful to require this materiality to appear by plain allegation, and where it is not apparent, the information or indictment has been held bad. It is enough, however, to show by allegation that the testimony was material to the actual issue in controversy. The case of People v. Collier, 1 Mich. R., 137, discussed this subject, and while holding the charge in that instance defective, said that the proper form was the one used in the case before us.
This information alleges “ that it then and there, upon said examination, became a material question whether” certain facts set forth were true, and then declares, repeating them, that they were sworn to by Flint and were false, *adding the necessary averments which render false swearing perjury.
The form used here is the precise form laid down as correct by Archbold, Wharton and Bishop. — Arch. Cr. PI. So Ev., 573; 2 Bish. Cr. Pr., § 907; Wharton Cr. L., § 2263.
We think that this was sufficient, and that the allegation was not ambiguous. There is apparently a large amount of matter which was probably surplusage, but the fact that there is false testimony which may not have been important will not *467 vitiate the remainder, even if we can assume that it was not material, which we cannot probably do where we have not all the facts spread out. The jury found respondent guilty of the charge, and if any error occurred on the trial concerning the determination of what facts were material, no doubt exceptions would have been taken.
The judgment is not erroneous, and must be affirmed.
The other justices concurred.