PEOPLE v JESKE

Docket No. 59859. Submitted October 15, 1982, at Lansing.—Decided
September 13, 1983.

Ernest H. Jeske was convicted of perjury following a jury trial in
Bay Circuit Court, John X. Theiler, J. The perjury charge arose
out of untrue statements about certain banking transactions
made by defendant during a hearing concerning defendant's
indigency and right to appointed counsel in a separate case.
Defendant had filed an affidavit of indigency and counsel was
appointed to represent him in the other case. The prosecutor
filed a petition for review of the question of defendant's indi-
gency. A hearing was held on that petition. Defendant, on
advice of counsel, attempted to assert his Fifth Amendment
right against self-incrimination; however, the hearing judge,
Eugene C. Penzien, J., ruled that there was no valid Fifth
Amendment claim and ordered that the defendant testify at
the hearing as to his financial situation. At that hearing, under
oath, the defendant testified that he had cashed a certain check
at a particular bank, and obtained a cashier's check for an
amount representing the bulk of the funds thus obtained and
used the cashier's check to pay an existing debt. It was later
determined that the check had been cashed at another bank
and that defendant had placed a substantial portion of those
funds in a savings account. Defendant appeals, alleging as error
that his right to due process was violated when the prosecutor
acted as an adversary in the proceedings relative to the ques-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21A Am Jur 2d, Criminal Law § 732 et seq.
[3] 21A Am Jur 2d, Criminal Law § 936 et seq.
[4] 60 Am Jur 2d, Perjury § 58 et seq.
[5] 60 Am Jur 2d, Perjury § 11.
   Determination of "materiality" under 18 USCS § 1623, penalizing
   false material declarations before grand jury or court. 60 ALR
   Fed 76.
   Determination of materiality of allegedly perjurious testimony in
   prosecution under 18 USCS §§ 1621, 1622. 22 ALR Fed 379.
[6, 7] 63 Am Jur 2d, Prosecuting Attorneys §§ 26, 27.

tion of his indigency, that his right against self-incrimination was violated when he was ordered to testify at the indigency hearing, that he was denied his right to counsel at the indigency hearing, that the untrue statement which was made was not a material misstatement and, therefore, would not support a conviction for perjury, that the trial court erred in its instructions to the jury, that the trial court abused its discretion in denying the motion to suppress evidence of a prior felony conviction, and that the prosecutor abused his discretion in charging defendant under the general perjury statute. *Held:*

1. A prosecutor may properly challenge a defendant's assertion of indigency by petitioning the court for review of that question. While the hearing on such a petition should be conducted by the court, due process is not denied where, as here, the prosecutor asks some preliminary questions before the primary examination of the defendant is conducted by the court.

2. The defendant was not denied his right to counsel by the refusal of the court at the indigency hearing to interrupt its questioning so that defendant could confer with counsel.

3. Since defendant has made no showing that the testimony concerning his financial status would incriminate him in any criminal proceedings, requiring defendant to testify as to that question did not violate his right against self-incrimination. Further, even if requiring his testimony at the indigency hearing violated defendant's right against self-incrimination, such violation of his constitutional right would not excuse his perjured testimony.

4. Since the false testimony was made to conceal defendant's financial status and thereby blunt the court's inquiry as to the question of defendant's indigency, the false statement was material to the court's inquiry.

5. The jury instructions were proper.

6. The trial court properly exercised its discretion in denying defendant's motion to suppress evidence of a prior felony conviction.

7. Since, under the facts of the case, the penalty under the general perjury statute and the statute prohibiting perjury in a court proceeding would be identical, defendant has failed to establish any basis for holding that the prosecutor abused his discretion in bringing the charge under the general perjury statute.

Affirmed.

1. CRIMINAL LAW — APPOINTED COUNSEL — INDIGENCY — COURTS — PROSECUTING ATTORNEYS — DUE PROCESS.

A trial court, upon a challenge to a defendant's assertion of indigency, shall conduct a hearing on the question of defendant's indigency at which the prosecutor, defendant and defense counsel shall appear to aid the court in its inquiry; while the inquiry should be conducted by the court rather than the prosecutor, the defendant's right to due process is not denied by the fact that the prosecutor asks some questions where the primary examination of the defendant is by the court.

2. CRIMINAL LAW — APPOINTED COUNSEL — INDIGENCY — COURTS — ASSISTANCE OF COUNSEL.

A criminal defendant's right to counsel is not denied where, at a hearing to determine the question of defendant's indigency, the trial court refuses to interrupt its questioning of the defendant to permit the defendant to consult with counsel.

3. CRIMINAL LAW — APPOINTED COUNSEL — INDIGENCY — RIGHT AGAINST SELF-INCRIMINATION.

A criminal defendant may not use the Fifth Amendment right against self-incrimination to avoid answering questions relating to his financial situation at a hearing conducted by the trial court to determine the validity of defendant's assertion of indigency when the answers to such questions would not incriminate the defendant in any criminal proceedings.

4. CRIMINAL LAW — PERJURY — RIGHT AGAINST SELF-INCRIMINATION.

The deprivation of a criminal defendant's constitutional rights does not create a license to commit perjury; accordingly, a conviction for perjury will stand even if the testimony upon which the perjury charge is based was obtained in violation of the defendant's right against self-incrimination, since the constitutional violation does not excuse the commission of perjury.

5. CRIMINAL LAW — PERJURY — MATERIALITY.

A defendant's false statement or testimony must be material in order to support a conviction of perjury; a materially false statement is one which could have affected the course or outcome of the proceeding.

6. PROSECUTING ATTORNEYS — PROSECUTORIAL DISCRETION — CRIMINAL LAW.

Prosecuting attorneys have broad latitude in determining what charge to bring in a criminal prosecution; absent a clear abuse of discretion, judicial interference with this exercise of prosecutorial judgment is impermissible.

7. PROSECUTING ATTORNEYS — PROSECUTORIAL DISCRETION — PERJURY
— CRIMINAL LAW.

It is not an abuse of prosecutorial discretion to bring a perjury
charge under the general perjury statute rather than the
statute prohibiting perjury in a court proceeding where under
the particular facts the two statutes carry identical penalties
(MCL 750.422, 750.423; MSA 28.664, 28.665).

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *George B. Mullison*, Prosecuting Attorney, and *Thomas J. Rasdale*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *James Krogsrud)*, for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GILLIS and M. E. DODGE,* JJ.

M. E. DODGE, J. Defendant was convicted by a jury of perjury, MCL 750.423; MSA 28.665. He was sentenced to a term of nine months in jail, and appeals as of right.

Defendant was charged in a separate case with breaking and entering. He signed an affidavit of indigency and counsel was appointed to represent him. On October 2, 1980, the prosecutor filed in the circuit court a petition to review defendant's financial eligibility for a court-appointed attorney.[1] A hearing was held on October 6, 1980, for the purpose of reviewing defendant's financial status. Defense counsel objected to the prosecutor's bring-

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant's wife was arrested on October 1, 1980, and a quantity of marijuana and approximately $1,200 in cash were seized from defendant's home. The marijuana allegedly belonged to defendant's wife, and defendant was not charged in connection with that seizure. The next day, defendant contacted the prosecutor's office seeking release of the $1,200 in cash, explaining that it was the proceeds of a TRA check and belonged to him. This prompted the prosecutor to seek review of defendant's eligibility for a court-appointed attorney.

ing the motion, and advised defendant not to testify because of possible self-incrimination in another case. When defendant asserted his Fifth Amendment rights, the trial court ruled that there was no valid Fifth Amendment claim and ordered defendant to testify. At that point, the trial court and defense counsel advised defendant to answer fully and truthfully.[2]

Defendant was sworn as a witness and questioned by the prosecutor and by the court. He testified that on October 1, 1980, he received a TRA (Trades Readjustment Act) check in the amount of $6,910 which he cashed at the Second National Bank in Bay City. Defendant described in detail the location of the bank. He stated that he obtained approximately $1,200 in cash for living expenses and received a cashier's check for the balance, which he gave to his mother-in-law in repayment of a loan. Defendant denied depositing any of the check proceeds into the bank and further stated that he did not have sufficient assets to hire an attorney.

Defendant was subsequently charged with giving perjured testimony at the October 6, 1980, hearing. At the jury trial, the prosecutor presented evidence that defendant had cashed the $6,910 TRA check at the People's National Bank, located a significant distance from the bank described by defendant at the October 6, 1980, hearing. Bank personnel testified that defendant cashed the check and received $1,022 in cash, pre-paid six $198 mortgage payments and opened a savings account in the amount of $4,700. Defendant did not request or receive a cashier's check. Further evidence was presented that following the hearing

_____

[2] The trial court told defendant that any false statement in court could subject him to a perjury charge regardless of his Fifth Amendment rights.

on October 6, 1980, defendant went to People's National Bank and withdrew the balance from the savings account.

Defendant was convicted under the general perjury statute, MCL 750.423; MSA 28.665, and appeals as of right.

Defendant first contends that he is entitled to reversal because the allegedly false testimony was obtained in violation of his constitutional rights, specifically, the right to due process, the right to counsel, and the right against self-incrimination.[3]

Defendant argues that it was improper and a violation of due process for the prosecutor to act as an adversary in challenging defendant's eligibility for court-appointed counsel. We disagree. The Supreme Court has stated that it is within the prosecutor's authority to challenge a defendant's assertion of indigency. Where such a challenge is made, the matter is to be resolved at a hearing at which the prosecutor, defendant and defense counsel shall appear to aid the court's inquiry. *People v Cochran,* 406 Mich 947 (1979); *People v White,* 406 Mich 975 (1979). We agree with defendant that the inquiry should be conducted by the court rather than by the prosecutor. In the present case, although the prosecutor asked some preliminary questions, the primary examination of defendant was conducted by the court. We find no due process violation in these proceedings.

Defendant next asserts that his right to counsel was denied because the court prohibited him from conferring with counsel during the court's questioning. Defendant has cited no authority which would require the trial court to interrupt questioning in order to permit the defendant to consult with counsel. To the contrary, the control of pro-

[3] US Const, Ams V, VI and XIV; Const 1963, art 1, §§ 17, 20.

ceedings is within the trial court's discretion. We find that defendant's right to counsel was not violated.

Defendant next contends that he was forced to testify in violation of his Fifth Amendment right against self-incrimination. We disagree. Defendant has made no showing that testimony concerning his financial status, specifically the October 1, 1980, transaction involving the TRA check, would incriminate him in any criminal proceeding. A defendant is not allowed to use the Fifth Amendment to obscure his true financial situation.

More importantly, we would uphold defendant's perjury conviction even if the perjured testimony was obtained in violation of defendant's constitutional rights. The United States Supreme Court has made clear that deprivation of a defendant's constitutional rights does not create a license to commit perjury. *United States v Wong,* 431 US 174; 97 S Ct 1823; 52 L Ed 2d 231 (1977); *United States v Mandujano,* 425 US 564; 96 S Ct 1768; 48 L Ed 2d 212 (1976).

"Finally, to characterize these proceedings as 'unfair' by virtue of inadequate Fifth Amendment warnings is essentially to say that the Government acted unfairly or oppressively by asking searching questions of a witness uninformed of the privilege. But, as the Court has consistently held, perjury is not a permissible way of objecting to the Government's questions. 'Our legal system provides methods for challenging the Government's right to ask questions—lying is not one of them.' * * * *Bryson v United States,* 396 US 64, 72 [90 S Ct 355; 24 L Ed 2d 264] (1969), *United States v Mandujano,* 425 US 577, 585 * * *. Indeed, even if the goverment could, on pain of criminal sanctions, compel an answer to its incriminating questions, a citizen is not at liberty to answer falsely. *United States v Knox* [396 US 77, 82-83; 90 S Ct 363; 24 L Ed 2d 275 (1969)]. If the citizen

answers the question, the answer must be truthful."
*Wong, supra,* p 180.

This Court is in agreement with the interpretation in Judge HOLBROOK's dissenting opinion in *People v Blachura,* 81 Mich App 399, 409; 265 NW2d 348 (1978), *lv den* 403 Mich 816 (1978):

"We believe *Mandujano* and *Wong* and cases cited therein express a firm commitment to punish those who perjure themselves even in the face of government improprieties and denials of constitutional rights."

Defendant was under oath to tell the truth and was plainly warned not to perjure himself. We conclude that, even if a constitutional violation occurred, it does not excuse the commission of perjury.

Defendant next argues that his allegedly false testimony concerning the name and location of the bank where the TRA check was cashed was not material to the October 6, 1980, proceeding and therefore cannot provide the basis for a perjury conviction. A defendant's false statement or testimony must be material in order to support a conviction of perjury. *People v Hoag,* 113 Mich App 789, 797; 318 NW2d 579 (1982). A materially false statement is one which could have affected the course or outcome of the proceeding. See CJI 14:2:01; CJI Commentary, p 14-22.

It appears that defendant misstated the name and location of the bank in order to avoid disclosure of his assets. Shortly after the hearing concluded, defendant went to the People's National Bank and, in violation of the court's order, withdrew the balance from his savings account in an obvious attempt to conceal the extent and location of his financial assets. We conclude that the iden-

tity of the bank at which defendant cashed the TRA check was material to the court's inquiry into defendant's financial status.[4]

The remaining issues raised by defendant warrant little discussion. The trial court did not err in taking judicial notice of MRE 603[5] and in instructing the jury accordingly. The court's financial instructions made clear that the prosecutor had the burden of proving beyond a reasonable doubt each element of the offense, including the element that the false tetimony must have been given under oath. Moreover, there was uncontroverted evidence at trial that defendant did take an oath to tell the truth before testifying at the October 6, 1980, hearing. Finally, the lack of objection at trial bars reversal on this issue absent manifest injustice. We find no error and no manifest injustice.

The trial court properly recognized and exercised its discretion in denying defendant's motion to suppress evidence of a prior felony conviction.

The prosecutor did not abuse his discretion in charging defendant under the general perjury statute, MCL 750.423; MSA 28.665, rather than under the statute prohibiting perjury in a court proceeding, MCL 750.422; MSA 28.664. Prosecutors have broad discretion in determining what charge to bring in a criminal prosecution. Absent a clear

---

[4] This Court had held that the element of materiality is a question for the court rather than for the jury. *People v Hoag,* 113 Mich App 789; 318 NW2d 579 (1982). In the present case, defendant's motion for a directed verdict at the close of the prosecutor's proofs, based in part on a lack of materiality, was denied and the matter was submitted to the jury. In any event, defendant does not argue this point on appeal and he can show no prejudice because the false testimony was clearly material to the court's inquiry into defendant's financial status.

[5] MRE 603 provides:

"Before testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so."

abuse of discretion, judicial interference with this exercise of prosecutorial judgment is impermissible. *People v Thomas,* 118 Mich App 667, 670; 325 NW2d 536 (1982). This is not a case in which the Legislature has carved out an exception to a general criminal statute and provided a lesser penalty for a more specific offense. See *People v Thomas, supra; People v McIntosh,* 103 Mich App 11; 302 NW2d 321 (1981). Defendant did not object to the charge at trial and has shown no prejudice inasmuch as both statutes carry identical penalties under the facts adduced at trial.

Affirmed.