### PEOPLE v. EMMONS.

1. Perjury—Oath Required by Law.
   The crime of perjury is not committed unless the oath is one that is required or authorized by law (CL 1948, § 750.423).

2. Same—Oath Required by Law—Assumed Name Certificate.
   Conviction of defendant of perjury, for swearing falsely to an assumed name certificate, *held*, to be error, since an oath as to the truth of the certificate was not required or authorized by the assumed name statute or the forms provided pursuant to it (CL 1948, § 750.423; CLS 1961, § 445.1).

Appeal from Ingham; Coash (Louis E.), J. Submitted Division 2 February 7, 1968, at Lansing. (Docket No. 4,087.) Decided June 17, 1968.

---

References for Points in Headnotes
[1, 2] 41 Am Jur, Perjury § 15.

Donald Emmons was convicted of perjury. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*H. James Starr,* for defendant on appeal.

T. G. KAVANAGH, J. On leave granted, Donald Emmons appeals his conviction of the crime of perjury. CL 1948, § 750.423 (Stat Ann 1954 Rev § 28.665). Emmons executed an assumed name certificate pursuant to CLS 1961, § 445.1 (Stat Ann 1964 Rev § 19.821), and in the presence of a notary public he falsely signed the name "Donald Walker" at the bottom of the certificate and acknowledged that he had executed it. The notary testified, at the trial, that before she signed as notary Emmons swore to the truth of the statements made in the certificate. It is this oath, before the notary, upon which the perjury charge was based. The crime of perjury under our statute, *supra,* is not committed unless the oath is one that is authorized or required by law. *People* v. *Fox* (1872), 25 Mich 492, *Beecher* v. *Anderson* (1881), 45 Mich 543. That Emmons did in fact swear falsely as to the truth of the certificate is of no significance if the oath was not required or authorized. See *People* v. *Gaige* (1872), 26 Mich 29 and *Metzger* v. *Fire Assurance Co.* (1894), 102 Mich 334. We hold that Emmons' conviction must be set aside because neither the assumed name statute, *supra,* nor the form provided pursuant thereto authorizes or requires an oath as to the truth of the certificate.

Reversed.

QUINN, P. J., and CORKIN, J., concurred.