PEOPLE v LIVELY

Docket No. 233795. Submitted October 2, 2002, at Lansing. Decided
December 3, 2002, at 9:20 A.M. Leave to appeal sought.

Tiffany F. Lively was convicted by a jury in the Presque Isle Circuit
Court, Joseph P. Swallow, J., of perjury. In successfully moving to
have the court set aside a default judgment of divorce, the defen-
dant had testified that she had no notice of the divorce until
informed by her husband and her attorney that a final judgment
had been entered. The defendant appealed.

The Court of Appeals *held*:

1. Materiality of the false statement is an element of the crime of
perjury and is a question for the jury to decide. A materially false
statement is one that could have affected the course or outcome of
the proceeding. In this case, the trial court erred in precluding the
jury from deciding materiality of the alleged false statements by
deciding as a matter of law that the defendant's statements were
material.

2. The trial court did not err or abuse its discretion in denying
the defendant's motion to quash the information and motion for a
directed verdict. The evidence presented at the preliminary exami-
nation supported the district court's bindover decision inasmuch as
there was probable cause to believe that the felony of perjury had
been committed and that the defendant had committed it. The trial
court did not err in denying the motion for a directed verdict
because there was a question for the trier of fact to resolve.

Reversed.

PERJURY — MATERIALITY OF FALSE STATEMENT — QUESTION OF FACT.

Materiality of the alleged false statement is an element of the crime of
perjury and is a question for the jury to decide; a materially false
statement is one that could have affected the course or outcome of
the proceeding (MCL 740.422).

*Jennifer M. Granholm*, Attorney General, *Thomas
L. Casey*, Solicitor General, *Donald J. McLennan*,
Prosecuting Attorney, and *Catherine M. Davis*, Assis-
tant Attorney General, for the people.

*Earl R. Spuhler* for the defendant on appeal.

Before: COOPER, P.J., and JANSEN and R. J. DANHOF*, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of perjury, MCL 750.422, and was sentenced to serve twenty-four months' probation and to perform fifty hours of community service. She appeals as of right. We reverse.

This case arises from testimony defendant provided to the circuit court, in an earlier case, in persuading it to set aside a default judgment of divorce. She asserted that she had no notice of the divorce until informed by her husband and her attorney that a final judgment had been entered. The trial court set aside the default judgment, stating, "The law doesn't favor defaults, especially defaults that are ten [days] old, like this. Listening to it all, it sounds to me like the mother ought to have known there was a divorce going on, but I'm not convinced." Defendant's statements at the hearing, along with an affidavit she provided in support of the motion, formed the basis for her conviction of perjury.

Defendant argues that the trial court erred in deciding the perjurious statements were material as a matter of law. Perjury occurs when a person under oath knowingly makes a false statement concerning a material issue, and there was a legal duty to take the oath. *People v Kozyra*, 219 Mich App 422, 428-429; 556 NW2d 512 (1996); MCL 750.423. Thus, materiality is an element of the crime of perjury. A materially false

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

statement is one that could have affected the course or outcome of the proceeding. *Kozyra, supra* at 432.

The Fifth and Sixth Amendments of the United States Constitution " 'require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.' " *People v Carines*, 460 Mich 750, 761; 597 NW2d 130 (1999), quoting *United States v Gaudin*, 515 US 506, 510; 115 S Ct 2310; 132 L Ed 2d 444 (1995). *Gaudin* concerned a prosecution for making false statements on federal loan documents. *Id.* at 508. Materiality was an element of the offense. *Id.* at 508-509. The Court recognized that materiality is substantially a question of law, but rejected the argument that the right to have a jury decide the elements is restricted to factual questions. *Id.* at 511-513. The Court further rejected the suggestion that materiality in perjury cases constitutes a traditional exception:

> The existence of a unique historical exception to the principle—and an exception that reduces the power of the jury precisely when it is most important, *i.e.*, in a prosecution not for harming another individual, but for offending the Government itself—would be so extraordinary that the evidence for it would have to be convincing indeed. It is not so. [*Id.* at 515.]

In the present case, the trial court ruled before trial that defendant's alleged statements concerned a material matter. In instructing the jury on the elements of perjury, the trial court made no mention of materiality (despite defense counsel's efforts to include the issue in the instructions), and the jury did not decide the matter. We find that the trial court erred in pre-

cluding the jury from considering that element, and instead deciding it as a matter of law.

An error in omitting an element of a crime is one of constitutional import. *Carines, supra* at 761. Where a defendant shows preserved, constitutional error, "[i]f the error is not a structural defect that defies harmless error analysis, the reviewing court must determine whether the beneficiary of the error has established that it is harmless beyond a reasonable doubt." *Id.* at 774 (appendix), citing *People v Anderson (After Remand)*, 446 Mich 392; 521 NW2d 538 (1994). As in *Carines*, we do not find the court's failure to instruct the jury on one element of a crime to be a structural defect defying harmless-error analysis. See *Carines, supra* at 769-771. The question, then, is whether the prosecutor can persuade this Court beyond a reasonable doubt that the error is harmless.

In the instant case, the jury could well have decided to regard the subject matter of defendant's alleged misstatements as immaterial. The trial court indicated that it was "not convinced" that defendant's statements were false; and apparently set aside the default under a general sense of fairness pursuant to MCR 2.612(C)(f) ("[a]ny other reason justifying relief"), expressing concerns about the general disfavoring of defaults, the short life of the default in question, and the lack of a custody decision on its merits. Thus, a jury could have found defendant's assertions that she lacked notice did not affect the outcome of the motion to set aside the default.

We note that, in the past, this Court has held that the question of materiality in prosecutions concerning misstatements of fact is for the court to decide, not the jury. See *People v Noble*, 152 Mich App 319, 326-

327; 393 NW2d 619 (1986), citing *People v Hoag*, 113 Mich App 789, 798; 318 NW2d 579 (1982). However, these cases were decided before 1990, and therefore are not binding on this Court. MCR 7.215(I)(1). We agree with the reasoning in *Carines, supra,* and *Gaudin, supra,* and hold that because materiality of the statement is an element of perjury, it is a matter for the jury to decide.

Defendant also argues that the evidence of materiality was insufficient to support the bindover, denial of her motion to quash, and denial of her motion for a directed verdict. We review a district court's decision to bind a defendant over for trial, and a trial court's decision on a motion to quash an information, to determine whether the court abused its discretion. *People v Hamblin*, 224 Mich App 87, 91; 568 NW2d 339 (1997). We review a trial court's decision on a motion for a directed verdict de novo as a question of law. *Meagher v Wayne State Univ*, 222 Mich App 700, 708; 565 NW2d 401 (1997).

We first note that defendant argues not that the evidence was insufficient to prove she testified falsely, but rather that her statements themselves were immaterial to the matter at hand, as a matter of law. Defendant asserts that the trial court did not rely on her testimony in deciding to set aside the default. However, at issue is whether the allegedly false testimony *could* have affected the outcome, not necessarily whether it actually did so. *People v Jeske*, 128 Mich App 596, 603; 341 NW2d 778 (1983). In this case, the court hearing the divorce action did not firmly resolve the question of defendant's truthfulness: "Listening to it all, it sounds to me like the mother ought to have known there was a divorce going on, but I'm

not convinced." The court may have considered the possibility that defendant had no notice as a factor in its decision to set aside the default. Defendant's protestations about lack of notice could have affected the outcome; therefore, we do not find her testimony and affidavit in the divorce action were immaterial with respect to the question whether to set aside the default. *Id.* Likewise, the trial court did not err in denying defendant's motion for a directed verdict because there was a question for the trier of fact to resolve at trial.

Moreover, we find no error in the district court's decision to bind defendant over for trial. The district court must bind a defendant over for trial if, at the end of the preliminary examination, it concludes that probable cause exists to believe that a felony has been committed and that the defendant committed it. *People v Abraham*, 234 Mich App 640, 655; 599 NW2d 736 (1999); MCR 6.110(E); MCL 766.13. The obvious conflict in the evidence concerning whether defendant had received notice that divorce proceedings were pending established probable cause to believe that defendant had knowingly testified falsely. Further, the testimony in question went to a material matter. The evidence presented at the preliminary examination thus supported the district court's decision to bind defendant over for trial.

Because we do not agree with defendant that the trial court found her statements immaterial as a matter of law, we need not consider her arguments that the doctrines of collateral estoppel and res judicata preclude litigating the element of materiality. However, we reverse because the jury could have found

defendant's statements immaterial and acquitted her of perjury.

Reversed. We do not retain jurisdiction.