**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JUNE 16, 2004**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                    No. 123145

TIFFANY FREE LIVELY,

    Defendant-Appellee.

_____

BEFORE THE ENTIRE BENCH

CORRIGAN, C.J.

    We granted leave to appeal[1] to consider whether the materiality of a false statement is an element of the statutory offense of perjury, MCL 750.422 and 750.423. The Court of Appeals held that materiality is an element that must be submitted to the jury,[2] but the plain language of MCL 750.423 sets forth a definition of perjury that does not require proof of materiality. Because the Legislature has decided that materiality is not an element, the trial

---

[1] 468 Mich 942 (2003).

[2] 254 Mich App 249; 656 NW2d 850 (2002).

court did not err in refusing to submit that issue to the jury. We thus reverse the judgment of the Court of Appeals and reinstate defendant's perjury conviction.

## I. UNDERLYING FACTS AND PROCEDURAL HISTORY

This case arises from an underlying divorce action. Defendant's husband sued her for divorce. A default judgment was entered. Defendant moved to set it aside. At the hearing on that motion, defendant testified that she was unaware of the divorce proceeding until after the judgment had entered and that the complaint for divorce had never been served on her. She also submitted an affidavit to that effect in support of her motion. The trial court set aside the default judgment.

The prosecutor charged defendant with one count of committing perjury in a court proceeding, MCL 750.422. The prosecutor alleged that defendant had falsely testified both that she had not been served with the complaint for divorce and that she had lacked knowledge of the divorce proceeding. Defendant moved to dismiss the charge on the ground that the allegedly false testimony was not material. The trial court denied the motion and ruled that the testimony was material.

The case proceeded to trial. The prosecution presented testimony from the divorce attorney for

2

defendant's husband, an officer who served the complaint on defendant, and a caseworker for the friend of the court. Defendant did not object to the court's use of a standard criminal jury instruction, CJI2d 14.1, which, at the time, did not include materiality as an element for the jury to consider. Defendant did, however, request an instruction on specific intent that referred to a false statement on a material matter. The court denied defendant's request to include the phrase "on a material matter" in the instruction. The jury found defendant guilty.

The Court of Appeals reversed the conviction. It concluded that the materiality of a false statement is an element of perjury. The Court noted that in *United States v Gaudin*, 515 US 506; 115 S Ct 2310; 132 L Ed 2d 444 (1995), the Supreme Court had concluded that materiality is an element in a federal prosecution for making false statements on federal loan documents, and had rejected the contention that materiality in perjury cases is a traditional exception to the rule that all the elements of an offense must be submitted to a jury. The Court of Appeals rejected case law suggesting that materiality is an issue for the court, rather than the jury, to decide. See *People v Noble*, 152 Mich App 319; 393 NW2d 619 (1986); *People v Hoag*, 113 Mich App 789; 318 NW2d 579 (1982).

3

Thus, the Court of Appeals concluded that the trial court erred in precluding the jury from considering materiality, and it determined that this error was not harmless beyond a reasonable doubt.

We granted the prosecution's application for leave to appeal.[3]

## II. STANDARD OF REVIEW

This case requires us to determine whether the materiality of the false statement is an element of the statutory offense of perjury. We review de novo this question of law. *People v Mendoza*, 468 Mich 527, 531; 664 NW2d 685 (2003).

## III. ANALYSIS

To provide the proper context for our interpretation of Michigan's perjury statute, we must discuss the constitutional principle set forth in *Gaudin*, *supra*. The Supreme Court explained in *Gaudin* that every essential element of an offense, including—where it is an element—materiality, must be submitted to the jury. *Gaudin* involved a federal statutory offense and the government had

---

[3] 468 Mich 942 (2003).

4

conceded that materiality was an element.[4]  *Gaudin* thus provides that *if* materiality is an element of a perjury-related offense, then it, like all other essential elements, must be submitted to the jury as a matter of federal constitutional law.

The holding in *Gaudin* offers no guidance on the interpretive question before us, i.e., whether materiality is an element of perjury under our state perjury statute. See *Gaudin*, *supra* at 525 (Rehnquist, C.J., concurring) ("Nothing in the Court's decision stands as a barrier to legislatures that wish to define—or that have defined—the elements of their criminal laws in such a way as to remove issues such as materiality from the jury's consideration.").  In other words, *Gaudin* simply makes

---

[4] The federal statute at issue in *Gaudin* provides:

> Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and wilfully falsifies, conceals or covers up by any trick, scheme, or device a *material* fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $ 10,000 or imprisoned not more than five years, or both. [*Gaudin*, supra at 509, quoting 18 USCS 1001 (emphasis added).]

5

clear that if materiality is an essential element under our state statute, then it must be submitted to the jury. If, however, we conclude that materiality is not an element, then the holding in *Gaudin* has no bearing on our determination.

The central question we must resolve, then, is whether our Legislature has defined the offense of perjury to include materiality as an element. This Court has previously indicated that, at common law, materiality was an element of perjury. See, e.g., *People v Fox*, 25 Mich 492, 496-497 (1872). Our Legislature, however, has constitutional authority to change the common law. Const 1963, art 3, § 7; *Donajkowski v Alpena Power Co*, 460 Mich 243, 256; 596 NW2d 574 (1999). It appears that this Court has never expressly decided whether MCL 750.423 or its predecessors altered the common-law definition of perjury.

To discern the meaning of our perjury statute, we apply the interpretive principles recently set forth in *Mendoza*, *supra*:

> Relying on established doctrines of interpretation, one cannot disagree that the first step in discerning legislative intent requires review of the statutory text adopted by the Legislature. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). See also MCL 8.3a ("All words and phrases shall be construed and understood according to the common and approved usage of the

6

language . . . ."). If unambiguous, the Legislature will be presumed to have intended the meaning expressed. *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992). [*Mendoza, supra* at 550 (Cavanagh, J., concurring in result).]

MCL 750.423 provides:

Any person authorized by any statute of this state to take an oath, or any person of whom an oath shall be required by law, who shall wilfully swear falsely, *in regard to any matter or thing*, respecting which such oath is authorized or required, shall be guilty of perjury, a felony, punishable by imprisonment in the state prison not more than 15 years. [Emphasis added.]

Our Legislature has thus defined perjury as a willfully false statement regarding *any* matter or thing, if an oath is authorized or required. Noticeably absent from this definition is any reference to materiality. The Legislature could easily have used a phrase such as "in regard to any *material* matter or thing," or "in regard to any matter or thing *material to the issue or cause before the court*," but the Legislature did not use such language.

The phrase "any matter or thing" is a broad one. The commonly understood word "any" generally casts a wide net and encompasses a wide range of things. "Any" has been defined as:

1. one, a, an, or some; one or more without specification or identification. 2. whatever or whichever it may be. 3. in whatever quantity or number, great or small; some. 4. every; all . .

7

. . [*Random House Webster's College Dictionary* (2d ed, 1997).]

Thus, it is reasonable to conclude that the Legislature intended for perjury to consist of a willfully false statement concerning *every* matter or thing for which an oath is authorized or required, because it did not limit the matters or things in question on the basis of their materiality.

Reinforcing our conclusion that the Legislature's failure to include a materiality requirement in MCL 750.423 is dispositive is the fact that several perjury-related statutes not at issue here *do* require that the false matter or statement be material. See MCL 28.422a, 32.1131, 168.729, 257.254, 324.5531(2), 380.1003, 500.2014, 500.4509, 600.8813, 764.1e(2), and 765.25.[5] These statutes demonstrate that the Legislature knows how to make materiality an element of a perjury-related offense. Thus, the failure to make materiality a requirement in the perjury statutes at issue here must be given meaning.

In light of the broad scope of the statutory phrase "any matter or thing," we conclude that the Legislature

---

[5] We also note that the federal perjury statute expressly requires that the false statement be material. See 18 USC 1623.

intended that a willfully false statement about *any* matter or thing concerning which an oath was authorized or required falls within the statutory definition of perjury and thus may be charged as perjury if a prosecutor so chooses.[6]

We note that many prior decisions of this Court have not analyzed the statutory language or adequately differentiated the statutory offense from its common-law

---

[6] The dissent opines that our decision will allow a prosecutor "unfettered discretion to charge a party or witness with perjury for any discrepancy made under oath, no matter how trivial." *Post* at 1. In responding to this argument, we find it useful to quote our response to a similar argument by the dissent in *People v Chavis*, 468 Mich 84, 94, n 6; 658 NW2d 469 (2003):

> The dissent also criticizes our opinion as allowing the prosecutor "unfettered discretion," post at 99, in determining when to bring charges under the statute. It is invariably the case that the prosecutor always has great discretion in deciding whether to file charges. Such executive branch power is an established part of our constitutional structure. Any apprehension that the prosecutor may abuse this power should be tempered, in part, by the knowledge that there are significant systemic protections afforded defendants, including the defendant's right to a preliminary examination and right to a jury trial. Moreover, there are other protections against the misuse of power that spring from daily scrutiny by the media as well as from periodic elections, which call all office holders to account to their constituents.

counterpart.[7] See, e.g., *People v Collier*, 1 Mich 137, 138 (1848); *Hoch v People*, 3 Mich 552, 554 (1855); *Flint v People*, 35 Mich 491 (1877); *Beecher v Anderson*, 45 Mich 543, 552; 8 NW 539 (1881); *People v McCaffrey*, 75 Mich 115, 123-124; 42 NW 681 (1889) (quoting the predecessor to MCL 750.423, yet still assuming that materiality is required); *People v Almashy*, 229 Mich 227, 230; 201 NW 231 (1924); *People v Kert*, 304 Mich 148; 7 NW2d 251 (1943). These cases are overruled to the extent that they are inconsistent with our opinion today.[8]

---

[7] The dissent is therefore quite right to observe that for well over a century and a half Michigan courts have assumed that materiality is an element of perjury. This long history might be a reason to apply stare decisis and acquiesce in the judiciary's redefinition of perjury, if not for the fact that we are compelled by *Gaudin* to revisit our perjury jurisprudence. As noted, *Gaudin* holds that materiality, like any element of a crime, must be submitted to and decided by the jury. Therefore, despite our precedent to the contrary, we are constitutionally compelled to reject the dissent's assertion that "materiality is a question of law for the trial court to determine . . . ." *Post* at 4. Once we jettison one fundamental tenet of our 150-year jurisprudence on perjury, we have no reason to shy away from the other question posed by this appeal—whether materiality is truly an element of perjury as defined by our Legislature.

[8] The Court of Appeals has treated materiality as an element, but has also construed prior decisions of this Court to require that this element be decided by the trial court rather than a jury. See *People v Hoag*, *supra*; *People v Jeske*, 128 Mich App 596; 341 NW2d 778 (1983); *People v Noble*, *supra*. Obviously, the holdings in those cases are
Footnotes continued on following page.

Although the prior case law in this area has not been a model of clarity, the statutory definition of perjury is clear. We are bound to follow the Legislature's directive that materiality is not an element of this offense. Our Legislature is responsible for defining the elements of criminal offenses, and we therefore adhere to those definitions.[9]

Chief Justice Rehnquist's concurring opinion in *Gaudin* expressly recognized that legislatures are free to define "the elements of their criminal laws in such a way as to remove issues such as materiality from the jury's consideration." *Gaudin*, *supra* at 525. That is precisely

inconsistent with *Gaudin*, which requires that a jury decide essential elements of an offense. We make clear that these cases should no longer be followed.

[9] The dissent's analysis of stare decisis is incomplete because it fails to consider reliance interests. In *Robinson v Detroit*, 462 Mich 439, 466; 613 NW2d 307 (2000), we explained that this Court "must ask whether the previous decision has become so embedded, so accepted, so fundamental, to everyone's expectations that to change it would produce not just readjustments, but practical real-world dislocations." Here, the dissent fails to explain how our overruling of earlier case law that (1) improperly read an element into a perjury statute and (2) required the court rather than the jury to decide that element, will produce any real-world dislocations.

what our Legislature has done.   We must respect that legislative choice and apply the plain statutory language.[10]

---

[10]   While it is not necessary to our decision, we note that other state legislatures have made a similar choice to alter the common law by eliminating the element of materiality from their perjury statutes.   For example, in *Beckley v State*, 443 P2d 51 (Alas, 1968), the Alaska Supreme Court construed a statute similar to our own and concluded that it did not require proof of materiality. The Alaska statute provided: "'A person authorized by law to take an oath or affirmation, or a person whose oath or affirmation is required by law, who willfully and falsely swears or affirms in regard to a matter concerning which an oath or affirmation is authorized or required, is guilty of perjury.'" *Id*. at 54.   The Alaska Supreme Court concluded:

> The statute is unambiguous.   It clearly indicates the intent of a legislative body to enlarge the scope of the crime of perjury as it existed at common law so as to make it a crime for one to willfully and falsely swear in regard to any matter in respect to which an oath is authorized or required, regardless of the question of materiality of such matter to an issue before the court.
>
> Materiality is not mentioned in the Alaska perjury statute; therefore it is unnecessary, in order to prove the crime of perjury, to establish that the matter concerning which willfully false testimony under oath was given was material to an issue before the court.   The crime is complete if one shall willfully swear falsely in regard to any matter respecting which an oath is authorized or required.   [*Id*. at 54-55.]

The court further noted that the Rhode Island Supreme Court had reached the same conclusion regarding a similarly worded statute in that state.   See *State v Miller*, 26 RI 282; 58 A 882 (1904).

We find the Alaska Supreme Court's reasoning persuasive.   Like the Alaska law, our statute unambiguously

Footnotes continued on following page.

The dissent would follow earlier decisions of this Court treating materiality as an issue to be decided by the trial court, rather than the jury. The dissent's position, however, is inconsistent with the United States Supreme Court's decision in *Gaudin*. *As a matter of federal constitutional law*, all essential elements of an offense must be submitted *to a jury*. We are no longer free, in light of *Gaudin*, to follow earlier case law treating materiality as an element for the trial court to decide as a matter of law. We must conclude either that materiality is an element that must be submitted to the jury, or that it is not an element at all.[11] As discussed above, we have

_____

defines perjury to exclude the common-law element of materiality.

[11] The dissent purports to follow *Gaudin* by insisting that materiality is not *really* an element, but simply a question of law to be decided by the trial court. But if, as the dissent contends, a defendant may not legally be convicted of perjury without proof of materiality, then materiality would, by definition, be an essential element of the offense. See Black's Law Dictionary (7th Ed) (defining "elements of crime" as "[t]he constituent parts of a crime . . . that the prosecution must prove to sustain a conviction").

The dissent cannot have it both ways. Either materiality is an essential element that must be submitted to the jury under the federal constitution or it is not an element at all. The dissent would essentially create out of whole cloth a special "sub-element" category that is immune from the strictures of the federal constitution. In light of *Gaudin*, this Court's obligation under the federal

Footnotes continued on following page.

read the statutory language as it is clearly written.  The statutory text simply does not require proof that the false statement was material.

IV. CONCLUSION

The plain language of our perjury statute alters the common law and does not require proof of materiality.  We thus reverse the judgment of the Court of Appeals and reinstate defendant's perjury conviction.

Maura D. Corrigan
Elizabeth A. Weaver
Clifford W. Taylor
Robert P. Young, Jr.

constitution is to require all essential elements of an offense to be submitted to a jury.  We adhere to that duty and conclude that materiality simply is not an element under the language of our perjury statute.

14

S T A T E   O F   M I C H I G A N

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                               No. 123145

TIFFANY FREE LIVELY,

    Defendant-Appellee.

_____

MARKMAN, J. (*concurring*).

I concur with the majority and would reverse the judgment of the Court of Appeals and reinstate defendant's perjury conviction, but I would do so for different reasons.  Further, I agree with the thoughtful analysis of the majority concluding that the plain language of the perjury statutes, MCL 750.422 and 750.423, clearly does not require as an element of perjury that a false statement be material.  Indeed, it does not appear that the dissent itself disagrees with this conclusion.[1]  Finally, I agree

_____

[1] Although the dissent observes that it "disagree[s] with the majority's assertion that in all prior cases dealing with perjury, our courts did not properly analyze the statutory language," *post* at 3, the dissent neither invokes any particular past statutory analysis in support of this observation, nor sets forth any contrary statutory analysis of its own.  The dissent's argument is predicated
Footnotes continued on following page.

with the majority that *United States v Gaudin*, 515 US 506, 510; 115 S Ct 2310; 132 L Ed 2d 444 (1995), requires that the issue of materiality, if it is indeed an element of perjury, must be submitted to the jury for its determination.

I write separately because, in my judgment, it is unnecessary to address the most difficult question in this case—whether, under the standards of *Robinson v Detroit*, 462 Mich 439, 466; 613 NW2d 307 (2000), longstanding precedents in Michigan, holding that the materiality of a false statement constitutes an element under MCL 750.422 and 750.423, should be overruled. As the dissent correctly observes, *post* at 4, and the majority does not dispute, *ante* at 9 n 7, it has been the law of Michigan for more than 150 years that materiality constitutes an element of perjury. It is unnecessary to address the application of *Robinson* to the instant question because defendant's statement here was clearly "materially" false. Therefore, whether Michigan's prior case law is maintained or not, defendant here was properly convicted of perjury.

---

exclusively upon the authority of precedent. While I do not find the dissent unreasonable and, indeed, do not reject its principal argument, there is nonetheless nothing in the dissent that purports to repudiate the majority's thorough statutory analysis.

Defendant's false statement was made in support of her motion to set aside a default judgment, and pertained to whether she was aware that a divorce action had been filed and whether she had been served with the complaint. In granting her motion, the trial court stated that with the divorce "only ten days old," and with "[s]ome question" in his mind regarding defendant's lack of notice, it seemed desirable to set aside the default. The trial judge remarked, "Listening to it all, it sounds to me like the mother ought to have known there was a divorce going on, but I'm not convinced. So at any rate, we'll set it aside." I agree with the prosecutor that the gist of these remarks was that the trial judge was unsure whether defendant was lying, but that he chose to give her the benefit of the doubt and vacate the default. Contrary to the Court of Appeals, I do not believe that the trial judge was asserting that defendant's false statements were immaterial to his decision on her motion. However, even if the Court of Appeals is correct in its estimation of the judge's remarks, the test for materiality is not whether false testimony *actually* affected the outcome of court proceedings, but merely whether it *could* have affected such proceedings. *People v Kozyra*, 219 Mich App 422, 432; 556

3

NW2d 512 (1996); *People v Jeske*, 128 Mich App 596, 603; 341 NW2d 778 (1983).

In the context of a motion to set aside a default judgment—a proceeding in which matters of actual notice and service will often prove determinative, see MCR 2.603(D)—statements pertaining to whether notice has been served or received will almost always carry with them the potential to influence the court. Because such statements will typically go to the heart of the rationale for default placed in question by a motion to set aside a judgment, it will almost always be true that such statements *could* have affected the proceedings. Therefore, they will almost always constitute "material" statements and, where false, will almost always constitute "materially" false statements. In the instant case, defendant's statements carried with them the potential to influence the outcome of her motion to set aside the default judgment, and the trial court's statement that "I'm not convinced" that defendant is lying, "so . . . we'll set it aside," indicates that her statements, in fact, did influence the outcome.

Thus, even if "materiality" is an element of perjury, and even if the trial court's failure to send this issue to the jury constituted error, *Gaudin*, *supra* at 510, the error was harmless under the present circumstances because no

4

reasonable juror could have concluded that defendant's false statements in their context were not "materially" false.[2] For the reasons set forth, I respectfully disagree with the Court of Appeals that a contrary result could have obtained on the part of a reasonable juror. Thus, I conclude that the prosecutor has shown beyond a reasonable doubt that the trial court's failure to instruct the jury on materiality was, at most, harmless error.

I concur with the majority in reinstating defendant's conviction, but I would avoid reaching the question whether longstanding Michigan precedents concerning the meaning of MCL 750.422 and 750.423 should now be reversed.[3]

Stephen J. Markman

---

[2] Viewing the error here—one depriving the jury of an instruction concerning an element of the crime—as of constitutional dimension, see *People v Duncan*, 462 Mich 47, 51; 610 NW2d 551 (2000), and assuming arguendo that this question was preserved, I agree with the Court of Appeals that this error does not constitute a structural defect incompatible with harmless error analysis, *People v Carines*, 460 Mich 750, 765 n 11; 597 NW2d 130 (1999), but is subject instead to the preserved constitutional error standard of *People v Anderson (After Remand),* 446 Mich 392; 521 NW2d 538 (1994). Under this standard, the burden is upon the prosecutor to demonstrate beyond a reasonable doubt that the error is harmless.

[3] The Legislature, of course, might well choose the occasion of this opinion to make clear its present intentions on "materiality" as an element of Michigan's perjury statutes.

5

**S T A T E   O F   M I C H I G A N**

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                                              No. 123145

TIFFANY FREE LIVELY,

    Defendant-Appellee.

_____

CAVANAGH, J. (*concurring in part and dissenting in part*).

Today, the majority determines that MCL 750.423, which sets forth the definition of perjury, does not require proof of materiality. The majority's decision allows a prosecutor unfettered discretion to charge a party or witness with perjury for any discrepancy made under oath, no matter how trivial. While I concur with the majority that materiality is not an element for the jury to decide, I believe that the issue of materiality is a question of law, which is a threshold requirement for the trial court to determine. Therefore, I respectfully dissent.

A person accused of perjury in a court proceeding is charged under MCL 750.422. MCL 750.422 states the following:

Any person who, being lawfully required to depose the truth in any proceeding in a court of justice, shall commit perjury shall be guilty of a felony, punishable, if such perjury was committed on the trial of an indictment for a capital crime, by imprisonment in the state prison for life, or any term of years, and if committed in any other case, by imprisonment in the state prison for not more than 15 years.

MCL 750.423 defines perjury and became effective on September 18, 1931. MCL 750.423 states the following:

Any person authorized by any statute of this state to take an oath, or any person of whom an oath shall be required by law, who shall wilfully swear falsely, in regard to any matter or thing, respecting which such oath is authorized or required, shall be guilty of perjury, a felony, punishable by imprisonment in the state prison not more than 15 years.

From May 18, 1846, to the time MCL 750.423 was enacted in 1931, perjury was defined as follows:

If any person authorized by any statute of this state to take an oath, or if any person of whom an oath shall be required by law, shall willfully swear falsely, in regard to any matter or thing, respecting which such oath is authorized or required, such person shall be deemed guilty of perjury . . . . [RS 1846, ch 156, § 2.]

Since 1846, our Legislature has defined perjury as falsely swearing "to any matter or thing." Also since that time, this Court has repeatedly held that alleged perjured statements must have been material to an issue or cause in the prior proceeding.

In *People v Almashy*, 229 Mich 227, 230; 201 NW 231 (1924), this Court stated, "It is fundamental that both the

2

oath and the facts sworn to must be material in order to justify conviction of perjury." In *People v Kert*, 304 Mich 148, 154-155; 7 NW2d 251 (1943), this Court stated, "While perjury . . . is defined as a wilful false swearing in regard to any matter or in respect to which such oath is authorized or required, it is always necessary to show that the perjury was in regard to a material fact." Numerous other cases have also stated that claims of perjury must allege materiality. See *People v Cash*, 388 Mich 153, 159; 200 NW2d 83 (1972); *People v Vogt*, 156 Mich 594, 595; 121 NW 293 (1909); *People v Ostrander*, 110 Mich 60, 61; 67 NW 1079 (1896); *People v McCaffrey*, 75 Mich 115, 120, 124, 126; 42 NW 681 (1889); *Flint v The People*, 35 Mich 491, 493 (1877); *People v Fox*, 25 Mich 492, 496 (1872) (majority opinion by Cooley, J.); *People v Gaige*, 26 Mich 30, 33 (1872); *People v Collier*, 1 Mich 137, 138 (1848) ("It is a well-settled rule, that it must appear on the face of the indictment that the false allegation was material to the matter in question; for if it be of no importance, though false, it will not be perjury . . . ."); see also Model Penal Code, § 241.1; ULA Penal Code 241.1.

I disagree with the majority's assertion that in all prior cases dealing with perjury, our courts did not properly analyze the statutory language. Even Chief

3

Justice Corrigan, the author of the majority opinion in this case, wrote an opinion when she was at the Court of Appeals stating that materiality is an essential element of statutory perjury. *People v Kozyra*, 219 Mich App 422, 428-429, 432; 556 NW2d 512 (1996). In *Kozyra*, *supra* at 432, the Court of Appeals stated, "One of the essential elements of perjury is that the issue or cause to which the defendant swears is material. . . . For purposes of a perjury prosecution, a statement is material if it could have affected the course or outcome of the proceeding."[1]

The idea that materiality is a question of law for the trial court to determine is not a novel one. For over 150 years, this Court has recognized this proposition. Today, the current majority states that for over a century and a half, justices who have come before them have been wrong. I do not agree with such a notion.[2]

---

[1] While I disagree that materiality is an *element* of perjury for the jury to determine, the necessity that the allegedly perjured statement be material to the proceedings has been consistently held in our jurisprudence.

[2] I also do not agree that this issue is controlled by federal constitutional law. I agree with the majority that all essential elements of an offense must be submitted to a jury, as stated in *United States v Gaudin*, 515 US 506, 523; 115 S Ct 2310; 132 L Ed 2d 444 (1995); however, I believe that the issue of materiality is not an element. Rather, consistently with our past jurisprudence, materiality is a

Footnotes continued on following page.

"The application of stare decisis is generally the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." *People v Petit*, 466 Mich 624, 633; 648 NW2d 193 (2002) (citations and internal quotation marks omitted). Even if this Court determines an error was made, "'[b]efore this court overrules a decision deliberately made, it should be convinced not merely that the case was wrongly decided, but also that less injury will result from overruling than from following it.'" *Id*. at 634, quoting *McEvoy v Sault Ste Marie*, 136 Mich 172, 178; 98 NW 1006 (1904). Even if past Courts erred, I find it hard to fathom that the majority believes that less injury will result to our citizens when they can be charged with perjury over immaterial discrepancies.

The majority states that I have not considered reliance interests and have not explained how overruling earlier case law "will produce any real-world dislocations." *Ante* at 11 n 9. I note that there are likely no superficial reliance interests to consider when a question of law. As such, it is well within the purview of the courts to determine.

5

case involves a matter of criminal justice. How unlikely it would be for this Court to decide not to overrule a past case because criminals have been relying on it to further their criminal conduct. Notably, the majority's argument can be made *any time* a case involves a matter of criminal justice. However, I do not believe that, merely because a case involves a criminal matter, the edicts of stare decisis are discarded. This Court's 150-year history of recognizing that materiality is a question of law and our citizens' reliance on this Court's consistent application of the law must not be discarded merely because of a perceived lack of reliance interests.

Further, the majority quotes from *People v Chavis*, 468 Mich 84, 94 n 6; 658 NW2d 469 (2003), and states that prosecutors have always had great discretion in whether to file charges. The majority also notes, "'Any apprehension that the prosecutor may abuse this power should be tempered, in part, by the knowledge that there are significant systemic protections afforded defendants, including the defendant's right to a preliminary examination and right to a jury trial.'" *Ante* at 9 n 6, quoting *id*. However, by eliminating any determination of materiality by the court, a preliminary examination and jury trial will offer little protection to those charged

6

for trivial matters. The majority certainly does not mean to advocate jury nullification, yet that is what it is doing when it mentions the protections of a jury trial. While the prosecutor must prove his case beyond a reasonable doubt, the problem is in the nature of the charge. The perjury charge may be related to an inconsequential discrepancy, yet if it is proven beyond a reasonable doubt, the jury has no choice but to convict.

Finally, while the majority is comforted by the prosecutor's daily scrutiny by the media and periodic elections, I am certain this provides little comfort to the witness, undoubtedly a witness who testified in a manner that was contrary to that sought by the prosecutor, who sits in prison.

Accordingly, I concur with the majority that materiality is not an element of perjury for the jury to determine. However, I would hold, consistently with this Court's decisions for over 150 years, that the issue of materiality in a perjury prosecution is a question of law for the trial court to determine. Therefore, I respectfully dissent.

Michael F. Cavanagh
Marilyn Kelly

7