MARKMAN, J.
(concurring). I concur with the majority and would reverse the judgment of the Court of Appeals and reinstate defendant’s perjury conviction, but I would do so for different reasons. Further, I agree with the thoughtful analysis of the majority concluding that *259 the plain language of the perjury statutes, MCL 750.422 and 750.423, clearly does not require as an element of perjury that a false statement be material. Indeed, it does not appear that the dissent itself disagrees with this conclusion.[1] Finally, I agree with the majority that United States v Gaudin, 515 US 506, 510; 115 S Ct 2310; 132 L Ed 2d 444 (1995), requires that the issue of materiality, if it is indeed an element of perjury, must be submitted to the jury for its determination.
I write separately because, in my judgment, it is unnecessary to address the most difficult question in this case—whether, under the standards of Robinson v Detroit, 462 Mich 439, 466; 613 NW2d 307 (2000), longstanding precedents in Michigan, holding that the materiality of a false statement constitutes an element under MCL 750.422 and 750.423, should be overruled. As the dissent correctly observes, post at 264, and the majority does not dispute, ante at 255 n 7, it has been the law of Michigan for more than 150 years that materiality constitutes an element of perjury. It is unnecessary to address the application of Robinson to the instant question because defendant’s statement here was clearly “materially” false. Therefore, whether Michigan’s prior case law is maintained or not, defendant here was properly convicted of perjury.
*260 Defendant’s false statement was made in support of her motion to set aside a default judgment, and pertained to whether she was aware that a divorce action had been filed and whether she had been served with the complaint. In granting her motion, the trial court stated that with the divorce “only ten days old,” and with “[s]ome question” in his mind regarding defendant’s lack of notice, it seemed desirable to set aside the default. The trial judge remarked, “Listening to it all, it sounds to me like the mother ought to have known there was a divorce going on, but I’m not convinced. So at any rate, we’ll set it aside.” I agree with the prosecutor that the gist of these remarks was that the trial judge was unsure whether defendant was lying, but that he chose to give her the benefit of the doubt and vacate the default. Contrary to the Court of Appeals, I do not believe that the trial judge was asserting that defendant’s false statements were immaterial to his decision on her motion. However, even if the Court of Appeals is correct in its estimation of the judge’s remarks, the test for materiality is not whether false testimony actually affected the outcome of court proceedings, but merely whether it could have affected such proceedings. People v Kozyra, 219 Mich App 422, 432; 556 NW2d 512 (1996); People v Jeske, 128 Mich App 596, 603; 341 NW2d 778 (1983).
In the context of a motion to set aside a default judgment—a proceeding in which matters of actual notice and service will often prove determinative, see MCR 2.603(D)—statements pertaining to whether notice has been served or received will almost always carry with them the potential to influence the court. Because such statements will typically go to the heart of the rationale for default placed in question by a motion to set aside a judgment, it will almost always be true that such statements could have affected the proceedings. *261 Therefore, they will almost always constitute “material” statements and, where false, will almost always constitute “materially” false statements. In the instant case, defendant’s statements carried with them the potential to influence the outcome of her motion to set aside the default judgment, and the trial court’s statement that “I’m not convinced” that defendant is lying, “so . .. we’ll set it aside,” indicates that her statements, in fact, did influence the outcome.
Thus, even if “materiality” is an element of perjury, and even if the trial court’s failure to send this issue to the jury constituted error, Gaudin, supra at 510, the error was harmless under the present circumstances because no reasonable juror could have concluded that defendant’s false statements in their context were not “materially” false.[2] For the reasons set forth, I respectfully disagree with the Court of Appeals that a contrary result could have obtained on the part of a reasonable juror. Thus, I conclude that the prosecutor has shown beyond a reasonable doubt that the trial court’s failure to instruct the jury on materiality was, at most, harmless error.
I concur with the majority in reinstating defendant’s conviction, but I would avoid reaching the question *262 whether longstanding Michigan precedents concerning the meaning of MCL 750.422 and 750.423 should now be reversed.[3]

 Although the dissent observes that it “ disagreed] with the majority’s assertion that in all prior cases dealing with perjury, our courts did not properly analyze the statutory language,”post at 264, the dissent neither invokes any particular past statutory analysis in support of this observation, nor sets forth any contrary statutory analysis of its own. The dissent’s argument is predicated exclusively upon the authority of precedent. While I do not find the dissent unreasonable and, indeed, do not reject its principal argument, there is nonetheless nothing in the dissent that purports to repudiate the majority’s thorough statutory analysis.

 Viewing the error here—one depriving the jury of an instruction concerning an element of the crime—as of constitutional dimension, see People v Duncan, 462 Mich 47, 51; 610 NW2d 551 (2000), and assuming arguendo that this question was preserved, I agree with the Court of Appeals that this error does not constitute a structural defect incompatible with harmless error analysis, People v Carines, 460 Mich 750, 765 n 11; 597 NW2d 130 (1999), but is subject instead to the preserved constitutional error standard of People v Anderson (After Remand), 446 Mich 392; 521 NW2d 538 (1994). Under this standard, the burden is upon the prosecutor to demonstrate beyond a reasonable doubt that the error is harmless.

 The Legislature, of course, might well choose the occasion of this opinion to make clear its present intentions on “materiality” as an element of Michigan’s perjury statutes.