PEOPLE v BASSAGE

Docket No. 271910. Submitted February 7, 2007, at Grand Rapids. Decided February 22, 2007, at 9:00 a.m.

Jasen A. Bassage was charged in the St. Joseph Circuit Court with perjury committed in a court proceeding for a capital crime, MCL 750.422. The charge related to his testimony at Joseph Flowers's murder trial that the handgun Flowers used had been stolen from Bassage's vehicle and that Bassage had not loaned it to him. Bassage moved to dismiss the perjury charge, arguing that he had not been advised of his Fifth Amendment right against self-incrimination when called as a witness in Flowers's trial and had been forced to choose between incriminating himself for filing a false police report or lying. The court, Jeffrey C. Middleton, J., denied the motion. Bassage appealed by leave granted.

The Court of Appeals *held*:

1. The prosecution was not required to advise Bassage that he had a Fifth Amendment right not to testify in the murder trial so that he could avoid a possible perjury charge. The right against self-incrimination only protects a witness from incriminating himself or herself for crimes already committed. Perjured testimony involves committing a current crime. The Fifth Amendment does not condone or protect perjury. A person has no right to present false testimony, even in the face of governmental wrongdoing. Bassage did not provide information that incriminated him for a past crime, so his decision to perjure himself never implicated his right against self-incrimination.

2. The trial court did not err by denying Bassage's motion to dismiss. Even if the prosecution had violated its duty not to prevent false testimony to obtain a conviction in the Flowers case or had failed to properly advise Bassage of his Fifth Amendment right, that wrongful conduct would not have excused or protected Bassage's decision to lie under oath. Constitutional violations do not create a license to commit perjury and do not require the suppression of allegedly perjured testimony or a pretrial dismissal of the perjury charge. Whether Bassage may raise the affirmative

defense of perjury by entrapment is an issue that is not ripe for review because his trial on the perjury charge has not yet taken place.

Affirmed.

CONSTITUTIONAL LAW — SELF-INCRIMINATION — PERJURY.

The right against self-incrimination only protects a witness from incriminating himself or herself for crimes already committed and does not condone or protect perjury; the deprivation of a defendant's constitutional rights or other governmental wrongdoing does not create a license to commit perjury and does not require the suppression of allegedly perjured testimony or the dismissal of a perjury charge based on that testimony (US Const, Am V; Const 1963, art 1, § 17).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Douglas K. Fisher*, Prosecuting Attorney, and *William Molner*, Assistant Attorney General, for the people.

*Thomas J. Robertson* for the defendant.

Before: FORT HOOD, P.J., and SMOLENSKI and MURRAY, JJ.

MURRAY, J. Defendant was charged with perjury committed in a court proceeding for a capital crime, MCL 750.422. Defendant moved to dismiss the charge, arguing that when called by the prosecution as a witness in an underlying murder case, he had to choose between (1) incriminating himself for filing a false police report or (2) lying. Faced with this dilemma, and because he was never advised of his Fifth Amendment right not to incriminate himself, defendant argued that his testimony was obtained in violation of the United States Constitution and could not be used against him in his perjury trial. Defendant now appeals by leave granted the trial court's order denying his motion to dismiss, and we affirm.

## I. FACTS AND PROCEEDINGS

Defendant was subpoenaed to testify at Joseph Flowers's trial for open murder. Defendant owned the handgun Flowers had used to commit the murder, and, shortly after the murder, defendant reported to the Michigan State Police that his handgun had been stolen from his Jeep. After defendant arrived at the courthouse to testify, the prosecutor, who believed that defendant had loaned his handgun to Flowers, advised defendant of the evidence that contradicted defendant's story that his handgun had been stolen from his Jeep. To the prosecutor's surprise, defendant claimed that the other evidence was false.

Immediately before defendant testified, the prosecutor informed the judge and Flowers's counsel that defendant would likely be presenting false testimony. The judge asked the prosecutor if defendant needed to be advised of his Fifth Amendment rights, but the prosecutor did not believe so because defendant would not be incriminating himself. Thereafter, defendant testified that he had never loaned his handgun to Flowers and that his handgun had been stolen from his Jeep.

The prosecution then charged defendant with perjury. Defendant filed a motion to dismiss, arguing that, because his testimony at Flowers's trial had been obtained in violation of his Fifth Amendment right against self-incrimination, his testimony must be suppressed. As we explained earlier, it was defendant's position that because the prosecutor's subpoena placed him in a position of having to either incriminate himself for a past crime, e.g., filing a false police report, or commit perjury, his right against self-incrimination was violated when neither the prosecutor nor the prior court informed him of this right. The trial court,

believing that defendant did not have a Fifth Amendment right to commit perjury, denied the motion to dismiss. As discussed below, that ruling was clearly correct.

II. ANALYSIS

We review de novo each of the constitutional issues raised in this appeal. *People v Beasley*, 239 Mich App 548, 557; 609 NW2d 581 (2000).[1] To resolve this appeal, we believe that two separate, but ultimately interrelated, questions must be answered. First, was the prosecutor required to advise defendant that he had a Fifth Amendment right not to testify in the murder trial in order to avoid a possible perjury charge? Second, if defendant's Fifth Amendment right against self-incrimination was violated, should his testimony from the murder trial be suppressed, resulting in the dismissal of the perjury charge? We answer both questions with a resounding "No."

### A. FIFTH AMENDMENT PROTECTIONS DO NOT APPLY TO PERJURY

The right against self-incrimination is guaranteed by both the United States Constitution and the Michigan Constitution. US Const, Am V; Const 1963, art 1, § 17. The state constitutional right against self-incrimination is interpreted no differently than the federal right. *People v Safiedine*, 152 Mich App 208, 212; 394 NW2d 22 (1986). A witness may assert the Fifth Amendment right against self-incrimination at any proceeding in which the witness reasonably believes that the information sought, or that is discoverable as a result of the witness's testimony, may lead to subsequent criminal

---

[1] We note that, for purposes of this appeal, we will assume that defendant's testimony at Flowers's trial was false.

proceedings against him or her. *United States v Balsys*, 524 US 666, 672; 118 S Ct 2218; 141 L Ed 2d 575 (1998).

However, the right against self-incrimination only protects a witness from incriminating himself or herself for crimes already committed. *Lefkowitz v Turley*, 414 US 70, 77; 94 S Ct 316; 38 L Ed 2d 274 (1973) ("The object of the [Fifth] Amendment '[is] to insure that a person should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show that he himself *had* committed a crime.' "), quoting *Counselman v Hitchcock*, 142 US 547, 562; 12 S Ct 195; 35 L Ed 1110 (1892) (emphasis added). In the present case, defendant testified that his handgun had been stolen from the Jeep. Defendant did not provide any information that incriminated him for a past crime he had committed, so his right against self-incrimination was never implicated. *Lefkowitz, supra* at 77. Perjured testimony is the committing of a current crime; it has nothing to do with a prior crime. See *Glickstein v United States*, 222 US 139, 142; 32 S Ct 71; 56 L Ed 128 (1911) ("[T]he immunity afforded by the constitutional guarantee [of the Fifth Amendment] relates to the past, and does not endow the person who testifies with a license to commit perjury."); *United States v Chevoor*, 526 F2d 178, 181 (CA 1, 1975) ("The privilege against self-incrimination bars compelled testimony as to past crimes; it does not shelter new perjury."), abrogated in part on other grounds *Brogan v United States*, 522 US 398 (1998).

Quite simply, this Fifth Amendment right does not condone or protect perjury. The bedrock for this principle is, we hope, unsurprising: providing false information is a course of action not authorized by the Fifth Amendment. *United States v Knox*, 396 US 77, 82; 90 S Ct 363; 24 L Ed 2d 275 (1969). Thus, although he was

never informed of his right against self-incrimination, defendant, by providing false testimony, took "a course [of action] that the Fifth Amendment gave him no privilege to take." *Id.* "If the citizen answers the question, the answer must be truthful." *United States v Wong*, 431 US 174, 180; 97 S Ct 1823; 52 L Ed 2d 231 (1977). Accordingly, we hold that the prosecutor had no obligation to advise defendant of his Fifth Amendment right against self-incrimination, because that right was not implicated by defendant's decision to commit perjury.

### B. IS PERJURED TESTIMONY SUBJECT TO SUPPRESSION IF OBTAINED UNLAWFULLY?

Even if the prosecutor had somehow violated defendant's Fifth Amendment right against self-incrimination, defendant's testimony still would not have been protected.[2] The United States Supreme Court has repeatedly held that, even in the face of governmental wrongdoing, a person has no right to present false testimony. *United States v Mandujano*, 425 US 564, 576-577; 96 S Ct 1768; 48 L Ed 2d 212 (1976) (opinion by Burger, C.J.); *Bryson v United States*, 396 US 64, 72; 90 S Ct 355; 24 L Ed 2d 264 (1969) ("[I]t cannot be thought that as a general principle of our law a citizen has a privilege to answer fraudulently a question that the Government should not have asked. Our legal system provides methods for challenging the

---

[2] Our conclusion is not altered by the fact that the prosecutor may have submitted evidence in the murder trial that may not have been true. We do not see how possibly false testimony in another case would affect the validity of the proceedings against defendant in this case. Although doubtful, it might have affected the murder case. But the fact that the prosecutor pursued the testimony at the murder trial has no effect on this case, other than the obvious fact that it was in that case that defendant gave the testimony at issue in this case.

Government's right to ask questions—lying is not one of them."). Indeed, we said as much in *People v Jeske*, 128 Mich App 596, 602; 341 NW2d 778 (1983), overruled in part on other grounds, *People v Lively*, 470 Mich 248, 256 n 8 (2004), in which we held that the "deprivation of a defendant's constitutional rights does not create a license to commit perjury," citing *Wong* and *Mandujano*.

This is true even if a witness like defendant, who was never informed of his right against self-incrimination, faces the choice of incriminating himself for a past crime or presenting false testimony. *Wong, supra* at 178; *Jeske, supra* at 602-603. Therefore, even if the prosecutor had violated his duty not to present false testimony to obtain a conviction, *People v Lester*, 232 Mich App 262, 277; 591 NW2d 267 (1998), or failed to properly advise defendant of his Fifth Amendment right, the prosecutor's wrongful conduct would not have excused or protected defendant's decision to lie under oath. Our system of justice is founded upon truthful testimony, and no one—neither witness nor party—can take the oath and then lie from the witness stand with the justification that the government violated his or her rights in securing that testimony. *Mandujano, supra* at 576-578 (opinion by Burger, C.J.).

Finally, in what we perceive as an indirect response to our directive in the order granting leave to appeal,[3] defendant argues that he was the subject of perjury by

---

[3] The order specifically directed the parties to brief whether defendant was entitled to dismissal because the prosecutor, in the interests of justice, should have offered defendant immunity, MCL 780.701 *et seq.*, or because the prosecutor knowingly presented false testimony at the murder trial. *People v Bassage*, unpublished order of the Court of Appeals, entered October 9, 2006 (Docket No. 271910). Despite this order, the prosecutor failed to even cite MCL 780.701 *et seq.*, and defendant gave it only a passing reference in the last paragraph of his brief.

entrapment, citing *United States v Sarihifard,* 155 F3d 301 (CA 4, 1998). This doctrine has not been universally accepted, and in fact has been rejected as unsound by some courts, see *United States v Burke,* 425 F3d 400, 408-409 (CA 7, 2005), and the issue is not ripe for our review. As the *Sarihifard* court explained, perjury by entrapment is an affirmative defense to a perjury charge, which can be presented during the trial on the perjury charge. *Sarihifard, supra* at 308-309. But trial has not yet taken place, and the trial court was not presented with the preliminary question concerning the applicability of this defense under the facts of this case.

What we are dealing with today is the issue of the suppression of the testimony and the dismissal of the charge. With regard to that issue, the United States Court of Appeals for the Fourth Circuit declared, after *Sarihifard,* that a witness "may not have his act of perjury excused, through suppression of evidence, because of constitutional violations." *United States v Kennedy,* 372 F3d 686, 694 (CA 4, 2004). Accord *United States v Veal,* 153 F3d 1233, 1240-1241 (CA 11, 1998); *United States v Babb,* 807 F2d 272, 276-277 (CA 1, 1986). In other words, defendant may or may not be able to present an entrapment defense at his trial, see *People v Johnson,* 466 Mich 491, 498; 647 NW2d 480 (2002), but even if his Fifth Amendment right had been violated (and it clearly was not), that violation would not have resulted in the suppression of the allegedly perjured testimony or the pretrial dismissal of the charge. *Kennedy, supra* at 695, 698; *Veal, supra* at 1240-1241; *Babb, supra* at 276-277.

Affirmed.